IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VINCENT DENAO | : |
| | : CIVIL ACTION |
| | : |
| Plaintiff, | : |
| v. | : |
| | : NO. 13-7369 |
| SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 32BJ, et al. | : |
| | : |
| Defendants. | : |

**MEMORANDUM**

BUCKWALTER, S. J.                                                                                   June 10, 2014

  Pending before the Court are Defendant Service Employees International Union, Local 32BJ ("the SEIU")'s Motion to Dismiss and Defendant ABM Janitorial Services Mid-Atlantic, Inc. ("ABM")'s Motion to Dismiss.[1] For the following reasons, Defendant SEIU's Motion to Dismiss is granted and Defendant ABM's Motion to Dismiss is granted.

**I. FACTUAL AND PROCEDURAL HISTORY**

  According to the facts set forth in the Complaint, Plaintiff Vincent Denao ("Plaintiff") is an individual residing in Philadelphia, Pennsylvania. (Compl. ¶ 1.) The SEIU is a union and business entity with an address in Philadelphia, Pennsylvania. (Id. ¶ 2.) ABM is a business entity with an address in King of Prussia, Pennsylvania. (Id. ¶ 3.) From December of 1999 until February 26, 2013, ABM employed Plaintiff as a janitor. (Id. ¶ 4.) During that same period, Plaintiff was a dues-paying member of the SEIU. (Id. ¶ 5.)

  The SEIU and ABM are parties to a Collective Bargaining Agreement ("CBA") effective

---

[1] Plaintiff identifies ABM as "Mid Atlantic, Inc." in his Complaint.

-

from October 16, 2011 through October 15, 2015.  (Id. ¶ 6.)  Among the rules enforceable pursuant to the CBA is a rule stating that an ABM employee caught sleeping on the job would receive a written warning and a three-day suspension.  (Id. ¶ 11.)

On February 19, 2013, while working at the Liberty Place Mall in Philadelphia, Plaintiff's supervisor observed him sleeping on the job.  (Id. ¶ 9.)  This was Plaintiff's first such incident of sleeping on the job.  (Id.)  On February 22, 2013, ABM suspended Plaintiff and thereafter terminated Plaintiff on February 26, 2013.  (Id. ¶ 10.)

Following his termination, Plaintiff filed a grievance with the SEIU.  (Id. ¶ 12.)  The SEIU conducted a hearing on Plaintiff's grievance on April 15, 2013.  (Id.)  The SEIU did not advance the argument that Plaintiff's termination was in violation of ABM's rule of issuing a warning and a three-day suspension for the first incident of sleeping on the job.  (Id.)  After the hearing, Plaintiff's termination became final.  (Id.)

Plaintiff initiated the present litigation on November 13, 2013 with the filing of his Complaint in the Court of Common Pleas of Philadelphia County.  (Notice of Removal, Ex. A, Complaint, Confirmation of E-Filing.)  On December 12, 2013, ABM removed the case to federal court.  ABM and the SEIU filed their respective Motions to Dismiss on January 16, 2014.  Plaintiff filed his response on February 28, 2014.  ABM and the SEIU each filed replies on March 11, 2014.  The motions are now ripe for review.

II.     **STANDARD OF REVIEW**

Under Rule 12(b)(6), a defendant bears the burden of demonstrating that the plaintiff has not stated a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6); see also Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).  In Bell Atlantic Corp. v. Twombly, 550 U.S.

2

544 (2007), the United States Supreme Court recognized that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555. Following these basic dictates, the Supreme Court, in Ashcroft v. Iqbal, 556 U.S. 662 (2009), subsequently defined a two-pronged approach to a court's review of a motion to dismiss. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. Thus, although "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678–79.

Second, the Supreme Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 679. "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. A complaint does not show an entitlement to relief when the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct. Id.; see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 232–34 (3d Cir. 2008) (holding that: (1) factual allegations of complaint must provide notice to defendant; (2) complaint must allege facts suggestive of the proscribed conduct; and (3) the complaint's "'factual allegations must be enough to raise a right to relief above the speculative level.'" (quoting Twombly, 550 U.S. at 555)).

Notwithstanding these new dictates, the basic tenets of the Rule 12(b)(6) standard of

review have remained static. Spence v. Brownsville Area Sch. Dist., No. Civ.A.08-626, 2008 WL 2779079, at *2 (W.D. Pa. July 15, 2008). The general rules of pleading still require only a short and plain statement of the claim showing that the pleader is entitled to relief and need not contain detailed factual allegations. Phillips, 515 F.3d at 233. Further, the court must "accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff." Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006). Finally, the court must "determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Pinkerton v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002).

## III. DISCUSSION

Plaintiff brings this action against ABM and the SEIU for breach of contract for violating the CBA and against the SEIU only for breach of the duty of fair representation. Such claims are governed by Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.[2] Under Section 301 of the LMRA, "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties[.]" 29 U.S.C. § 185(a). "[I]f the resolution of a state-law claim depends upon the meaning of a collective-bargaining agreement, the application of state law . . . is pre-empted and federal labor-law principles . . . must be employed to resolve the dispute." Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 405–06 (1988). Suits against both an employer for failing to honor a collective bargaining

---

[2] See Beidleman v. The Stroh Brewing Co., 182 F.3d 225, 231–32 (3d Cir. 1999) (citing Avco Corp. v. Int'l Assoc. of Machinists & Aerospace Workers, 390 U.S. 557, 559 (1968); Local 174, Teamsters, Chauffeurs, Warehousemen and Helpers of Am. v. Lucas Flour Co., 369 U.S. 95, 103 (1962)) ("any state-law cause of action for violation of a collective bargaining agreement is entirely preempted by Section 301 of the LMRA[.]")

4

agreement and a union for failing to provide representation, or so-called "hybrid" suits, are also governed by Section 301 of the LMRA. Vaca v. Sipes, 386 U.S. 171, 179 n.3 (1967).

Third Circuit law allows a statute of limitations defense to be raised by a Rule 12(b)(6) motion if "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Hanna v. U.S. Veteran's Admin. Hosp., 514 F.3d 1092, 1094 (3d Cir. 1975); see also Estrada v. Trager, No. Civ.A.01-4669, 2002 WL 31053819, at *2 (E.D. Pa. Sept. 10, 2002). Long-standing U.S. Supreme Court jurisprudence has held that "hybrid" LMRA suits brought against an employer and a union alleging breach of a collective bargaining agreement and a union's breach of the duty of fair representation are subject to the six-month statute of limitations prescribed in Section 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b). DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 172 (1983).[3] The statute of limitations begins to run when "the plaintiff knows or reasonably should have known of the acts contributing to the union's wrongdoing in failing to adequately represent the member's interests." Podobnik v. U.S. Postal Serv., 409 F.3d 584, 593 (3d Cir. 2005) (citing Miklavic v. USAir, Inc., 21 F.3d 551, 556 (3d Cir. 1994).

Here, according to the facts alleged in the Complaint, Plaintiff knew or reasonably should have known of "the acts contributing to" the SEIU's alleged wrongdoing at the conclusion of the hearing conducted on Plaintiff's grievance on April 15, 2013. (Compl. ¶ 12.) Plaintiff did not file his Complaint until November 13, 2013— more than six months after the hearing. (Notice of Removal, Ex. A, Complaint, Confirmation of E-Filing.)

---

[3] See also Serv. Emp. Int'l Union Local 36, AFL-CIO v. City Cleaning Co., 982 F.2d 89, 94 (3d Cir. 1992) ("It is undisputed that the six months limitation . . . applies to 'hybrid' section 301 claims.")

5

Plaintiff argues that his filing was within the six-month statute of limitations because he is "contending a factual issue, that [the SEIU's] duty to represent did not end at the hearing, and that it continued to exist up to the present" and that "he could plead on amendment, that he has no recollection of receiving any notice that the Union would no longer act on his behalf to have him reinstated." (Pl.'s Resp. Opp'n Mot. to Dismiss, 4–5.) Yet whatever duty "continued to exist up to the present" and whatever "recollection of receiving notice" Plaintiff has are irrelevant to determining the date on which the statute of limitations began to run. Third Circuit jurisprudence is clear that, in a "hybrid" action like Plaintiff's against both his employer and his union, the six-month statute of limitations begins to run the moment that the plaintiff "knows or reasonably should have known of the acts contributing to the union's wrongdoing failing to adequately represent the member's interests." Podobnik, 409 F.3d at 593. Accepting all facts alleged in the Complaint as true, Plaintiff knew or reasonably should have known that the SEIU had failed to adequately represent him on April 15, 2013, when the SEIU failed to have Plaintiff reinstated. Plaintiff filed his action beyond the six-month statute of limitations for "hybrid" actions under the LMRA and, accordingly, the Court must dismiss Plaintiff's claims.

## IV. CONCLUSION

For all of the foregoing reasons, the Court will grant Defendants the SEIU and ABM's Motions to Dismiss.

An appropriate order follows.